**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

James A. Simon,

                    Petitioner,                    **ORDER ADOPTING REPORT**
          v.                                        **AND RECOMMENDATION**
                                                    Civil No. 16-146 ADM/TNL
L. LaRiva, Federal Medical Center, Rochester;
Dr. Denney of Central Sector Medical;
Region Reentry Manager(s), North Central Region;
and Federal Bureau of Prisons,

                    Respondents.
_____

James A. Simon, pro se.

Bahram Samie, Esq., Assistant United States Attorney, United States Attorney's Office,
Minneapolis, MN, on behalf of Respondents.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Petitioner James A. Simon's Objection [Docket No. 15] to Magistrate Judge Tony N. Leung's

Report and Recommendation [Docket No. 14] ("R&R").  Judge Leung recommends that Simon's

Amended Petition for a Writ of Habeas Corpus [Docket No. 5] be denied.

## II.  BACKGROUND

The complete background to this case is provided in Judge Leung's R&R and is

incorporated by reference.  Briefly, Simon is a federal inmate currently incarcerated at  Federal

Medical Center–Rochester ("FMC–Rochester").  Am. Pet. at 4.  Simon alleges that the federal

Bureau of Prisons ("BOP") violated the Second Chance Act of 2007 ("SCA") when it approved

Simon to serve the final three of months of his sentence in home confinement rather than the

final six months, as was initially recommended.  Id. at 1, 5.  Simon argues that the decision to

deviate from the initial recommendation was based on his medical condition, and specifically the

costs stemming from his medical condition, instead of the five factors prescribed by the SCA and

set forth in 18 U.S.C. § 3621(b).  Id. at 6–7, 22.

In the R&R, Judge Leung recommends denying Simon's petition because the BOP

considered all of the § 3621(b) factors and the Court lacks subject matter jurisdiction to review

the BOP's discretionary decision regarding Simon's placement.  Simon timely objected to the

R&R, arguing that the BOP made two placement decisions in Simon's case and failed to

consider the § 3621(b) factors in making the second placement decision.

### III.  DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a

R&R to which objection is made and "may accept, reject, or modify, in whole or part, the

findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also

D. Minn. LR 72.2(b)(3).

Simon's Objection to the R&R is without merit.  As Judge Leung correctly found, the

BOP made only one placement decision in Simon's case.  The BOP's process for determining

pre-release home confinement under the SCA involves an initial recommendation by staff at the

institution where the inmate is being held and a final review by the Residential Reentry

Manager's Office ("RRMO").  Fearday Decl. [Docket No. 9] ¶ 7; see also Ambrose v. Jett, No.

13-2343, 2013 WL 6058989, at *8 (D. Minn. Nov. 15, 2013).  The six-month period of home

confinement that Simon heard about from his case manager and in a letter from Allen County

Work Release reflected the initial recommendation made by the staff at FMC–Rochester.  See

Am. Pet. at 5; Fearday Decl. ¶¶ 8–9.  The RRMO reviewed that recommendation and ultimately

granted a three-month period of home confinement.  Fearday Decl. ¶¶ 10, 14–15.  Because the

period of Simon's home confinement was not final until the RRMO completed its review, this

entire process yielded a single placement decision.

As Simon seems to recognize, BOP's making of only one placement decision regarding

his home confinement is fatal to his petition.  See Obj. at 4 ("Whether the BOP made two

placement decisions or one is key to Petitioner's claims . . . .").  It is undisputed that the

FMC–Rochester staff considered all of the § 3621(b) factors in making its initial

recommendation.  See Fearday Decl. ¶¶ 8–9; Ex. B.  Simon focuses his Objection on the

RRMO's alleged failure to consider the § 3621(b) factors in making the final decision regarding

Simon's home confinement.  The record, however, indicates that the RRMO reviewed the

FMC–Rochester staff's written analysis of the § 3621(b) factors.  Fearday Decl. ¶¶ 10, 14.

Considering that the initial recommendation and final review were two component parts of a

single decision making process, the record shows that the BOP duly considered the § 3621(b)

factors in determining Simon's placement.  That ends the inquiry because "this Court does not

have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or

[3624(c)]."  Ambrose, 2013 WL 6058989, at *7; see also 18 U.S.C. § 3625 ("The provisions of

[the Administrative Procedure Act] do not apply to the making of any determination, decision, or

order under this subchapter [18 U.S.C. §§ 3621 et seq.].").

Simon nonetheless argues that he is entitled to relief under Ambrose because an

impermissible "substitution of authority" occurred when the RRMO reviewed FMC–Rochester's

initial recommendation.  Simon's reliance on Ambrose is misplaced.  There, the BOP made a

final determination that Ambrose would serve 181–270 days in a Residential Reentry Center

("RRC") but "changed its mind" after the RRC set to receive Ambrose denied the placement based on his arson conviction.  2013 WL 6058989, at *8–9.  The court concluded that "the RRC, an independent contractor, had no authority to make this determination."  Id. at *8.  Here, though, it was the BOP that determined Simon's placement.  As explained above, the BOP made one placement decision and considered the § 3621(b) factors in doing so.  There was no "substitution of authority" or "change of heart" by the BOP similar to what occurred in Ambrose.  See id. at *8–9.

## IV.  ORDER

Therefore, after an independent, *de novo* review of the files, records and proceedings in the above titled matter, **IT IS HEREBY ORDERED** that:

1.   Petitioner James A. Simon's Objection [Docket No. 15] to Magistrate Judge Tony N. Leung's Report and Recommendation [Docket No. 14] is **OVERRULED**;

2.   The Report and Recommendation is **ADOPTED**;

3.   Simon's Amended Petition for a Writ of Habeas Corpus [Docket No. 5] is **DENIED**;

4.   This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

                                                            BY THE COURT:


                                                            s/Ann D. Montgomery
                                                            ANN D. MONTGOMERY
                                                            U.S. DISTRICT JUDGE

Dated:  April 21, 2016.